

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2007

# USA v. Roper-Price

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Roper-Price" (2007). *2007 Decisions*. Paper 364.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/364

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4183
_____

UNITED STATES OF AMERICA

v.

FRANKLIN BENITO ROPER-PRICE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00592)
District Judge:  Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2007

Before:  McKEE, BARRY and FISHER, *Circuit Judges*.

(Filed: September 28, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Following his deportation, Franklin Benito Roper-Price pleaded guilty to one

count of illegal reentry into the United States in violation of 8 U.S.C. §§ 1326(a) and

(b)(2).  In August 2005, the District Court sentenced Roper-Price to 48 months

imprisonment, and he now challenges the enhancement of his sentence based on his prior aggravated felony conviction. He argues that his Fifth and Sixth Amendment rights were violated because the prior conviction was not charged as an element in the indictment, and because the Government did not prove the prior conviction to a jury beyond a reasonable doubt. As it was not improper for the District Court to use Roper-Price's prior aggravated felony conviction for enhancement purposes, we will affirm the sentence.

## I.

Because we write only for the parties who are familiar with the factual context and the procedural history of the case, we set forth only those facts necessary to our analysis. Roper-Price was originally arrested on February 23, 1993, and later convicted for felony possession of a controlled substance. As a result, Roper-Price was deported on April 10, 2001.[1]

Roper-Price was subsequently arrested by the Philadelphia Police Department on unrelated charges on August 26, 2004. As a result of this arrest and resulting fingerprint and identification analysis, his previous deportation was discovered. Consequently, Immigration and Customs Enforcement ("ICE") agents interviewed Roper-Price, and he admitted that he had previously been deported and that he walked across the Mexican border in 2002 to reenter the United States.

---

[1] Roper-Price is a citizen of Panama.

On September 23, 2004, Roper-Price was charged with illegal reentry following deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). That indictment also included a "Notice of Prior Convictions" that set forth the February 1993 conviction, and a "Notice of Additional Factors" that referenced the United States Sentencing Guidelines ("Guidelines") § 2L1.2(b)(1)(A). *See* U.S.S.G. § 2L1.2(b)(1)(A).[2]

Roper-Price pleaded guilty on May 4, 2005. During his plea hearing, he admitted to the fact of his prior conviction of an aggravated felony, and was informed that this fact enhanced his maximum sentence from 2 to 20 years under 8 U.S.C. §§ 1326(a) and (b)(2).

Prior to the sentencing hearing, the United States Probation Office submitted a Presentence Investigation Report recommending a Guidelines range of 57 to 71 months. On August 24, 2005, the District Court sentenced Roper-Price to 48 months imprisonment and a three-year period of supervised release.[3] The District Court explained that its below-Guidelines deviation was a result of Roper-Price's extensive cooperation with the Government. This appeal followed.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We have jurisdiction to review the sentencing judgment of the District Court under 18 U.S.C. § 3742(a)(1). *See*

---

[2]This calculation included a 16-level enhancement pursuant to Guidelines § 2L1.2(b)(1)(A), because Roper-Price was previously deported after a felony conviction for a drug trafficking offense, of which the sentence exceeded 13 months.

[3]A $100 fine and a $100 special assessment were also included in the sentence.

3

*United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). We review the District

Court's interpretation of the Guidelines *de novo*. *See United States v. Pojilenko*, 416 F.3d

243, 246 (3d Cir. 2005).

III.

Roper-Price argues that the Constitution requires prior convictions that enhance

the statutory penalty of a crime be treated as elements of that crime. Therefore, he claims

that prior convictions must be charged in the indictment and proven to a jury beyond a

reasonable doubt. Specifically, Roper-Price contends that his Fifth Amendment right to

due process was violated because the Government did not include his prior conviction in

the indictment and because he was not informed during the plea colloquy that his prior

conviction was an element of the crime. Furthermore, he argues that his Sixth

Amendment right to a trial by jury was violated because his prior conviction was not

proven to a jury beyond a reasonable doubt.

The Fifth Amendment claim fails. As Roper-Price acknowledges, his contention is

contrary to the premise of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998),

where the Supreme Court held that the government is not required to charge the fact of a

prior conviction of an aggravated felony in an indictment, when the fact is used merely

for sentencing enhancement purposes. *Id.* at 246. The Court determined that Congress

has the constitutional authority to treat a prior conviction of an aggravated felony as a

4

sentencing factor for the particular offense of illegal reentry. *Id.*[4] Thus, Roper-Price's

Fifth Amendment rights were not violated even though his prior conviction for an

aggravated felony was not charged in the indictment.

Likewise, Roper-Price's Sixth Amendment argument also fails, because the prior

conviction is not an element of the underlying offense of illegal reentry; thus, there is no

need to prove it to a jury beyond a reasonable doubt. *Id.* at 228. Furthermore, a prior

conviction need not be proven to a jury beyond a reasonable doubt before a judge may

use it for sentencing enhancement purposes. *See Apprendi v. New Jersey*, 530 U.S. 466,

490 (2000). In *Apprendi*, the Supreme Court held that the Constitution requires any fact,

other than the fact of a prior conviction, which increases the maximum statutory penalty

for a crime to be proven to a jury beyond a reasonable doubt. *Id.* We have confirmed the

continuing vitality of this rule by holding that with regard to sentencing, the use of judge

found facts concerning prior convictions does not violate the Sixth Amendment. *See*

*United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005).[5] Thus, Roper-Price's prior

---

[4]At issue in that case was the precise statute we are dealing with here, 8 U.S.C. § 1326(b)(2), which authorizes a maximum prison term of 20 years for a deported alien, if such deportation was subsequent to an aggravated felony conviction. *Almendarez-Torres*, 523 U.S. at 226.

[5]Moreover, during the plea colloquy, Roper-Price admitted to his prior conviction for an aggravated felony. This admission further provides the factual basis upon which the District Court could make the necessary finding of the prior conviction before using it to enhance the sentence. *See Blakely v. Washington*, 542 U.S. 296, 303 (2004) (finding that a judge may impose the statutory maximum sentence based solely on facts admitted by the defendant).

5

conviction did not need to be proven to a jury beyond a reasonable doubt before the

District Court could use it as a fact to enhance his sentence.[6]

IV.

For the foregoing reasons, we will affirm the District Court's judgment of

sentence.

---

[6]Roper-Price did not raise a claim on appeal that his sentence was unreasonable. The District Court considered the 18 U.S.C. § 3553(a) factors and sentencing grounds raised by the parties. *See Cooper*, 437 F.3d at 332. Therefore, we find that the sentence is reasonable.